**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4149**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ROBERT MEGGINSON,

             Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-6309)

Submitted: July 29, 2009         Decided: August 12, 2009

Before TRAXLER, Chief Judge, and NIEMEYER and GREGORY, Circuit
Judges.

Vacated and remanded by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant.
Gretchen C.F. Shappert, United States Attorney, Charlotte, North
Carolina; Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Megginson entered a conditional plea of guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), reserving the right to challenge the district court's denial of his motion to suppress. Megginson was sentenced to 110 months in prison. On appeal, we affirmed the district court's denial of Megginson's motion to suppress and his conviction, because the prevailing law permitted an officer who had made a lawful custodial arrest of an occupant of a vehicle to search the passenger compartment of that vehicle. See New York v. Belton, 453 U.S. 454 (1981); Thornton v. United States, 541 U.S. 615 (2004). On May 18, 2009, the Supreme Court granted Megginson's petition for a writ of certiorari, vacated this court's judgment, and remanded to this court for further consideration in light of its recent decision in Arizona v. Gant, 129 S. Ct. 1710 (2009), which addressed the search-incident-to-arrest exception to the warrant requirement of the Fourth Amendment. Finding that the vehicle search incident to Megginson's arrest was unreasonable under Gant, we vacate the district court's judgment and remand for further proceedings.

In Gant, the Supreme Court rejected the reading of Belton that predominated in the courts of appeals, that the Fourth Amendment "allow[s] a vehicle search incident to arrest of a recent occupant even if there is no possibility the

2

arrestee could gain access to the vehicle at the time of the search." Gant, 129 S. Ct. at 1718. The Court held instead that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1723. The Court further explained that "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." Id. at 1723-24.

In light of the Supreme Court's decision in Gant, the facts of this case do not justify the warrantless search of Megginson's car incident to his arrest. Therefore, the firearm seized from the vehicle should be suppressed. Megginson acknowledged to Officer Crooks that he was aware of the warrants against him. Megginson was cooperative, and was not engaged in other criminal behavior at the time of the stop. Crooks asked Megginson to step out of the car, he complied, she handcuffed him, searched his person, and then placed him in the back of the patrol car. After Megginson was removed from the car and secured, Crooks and another officer found and searched a bag in the back seat of Megginson's car. When asked at the suppression

hearing the basis for the search, Officer Crooks responded "for officer's safety reasons and search incident to arrest."

Because Megginson was handcuffed and placed in the police vehicle before the search, he was not in reaching distance of the passenger compartment, and the contents of the bag could not have posed a threat to the officers' safety. Nor did the officers have reason to believe that the vehicle contained evidence of the offense of the domestic abuse for which Megginson was stopped. Accordingly, under Gant, the search incident to arrest was not justified, and the officers were required to obtain a warrant or show that another exception to the warrant requirement applies. No exception validates the search of Megginson's vehicle.

Accordingly, we vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND
REMANDED

4